UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| PATOKA VALLEY AIDS COMMUNITY ACTION GROUP, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-100-RLY-CSW ) |
| CITY OF LOOGOOTEE, INDIANA, | ) ) ) |
| Defendant. | ) |

**Motion to Strike a Portion of Mayor Brian Ader's Affidavit**

Plaintiff, by counsel, says that:

1. In its response to plaintiff's Motion for Partial Summary Judgment (Dkt. 62), Loogootee submitted an affidavit from Brian Ader, the Mayor of Loogootee (Dkt. 65-2).

2. The Mayor swore under oath that the Loogootee's Board of Works and City Council meet only one time per month and it would therefore be difficult, if not impossible, for the City to rule on permit applications in less than 45 days. (*Id.* at 1 ¶¶ 4-5).

3. Although it may be true that these government entities meet for regular meetings only once a month, the evidence is clear that they frequently conduct special meetings between their regularly scheduled meetings, including having a meeting 48 hours after Summerfest submitted its application for its 2024 event. (Dkt. 24-1 at 22:22-23:5, 25-3-10; Dkt. 65 at 3; Dkt. 68 at 5-6, Dkt. 68-1 at 1 ¶¶ 2-4 and 3-19).

4. While the Mayor did not disclose in his affidavit that those government entities frequently conduct special meetings between their regular meetings, including at least once to rule on a permit application for a special event, Patoka Valley interprets the Mayor's statement as merely a statement as to the regular meetings of the two bodies, and not an attempt to mislead the Court.

5. However, the Mayor also swore "[t]hat Summerfest will be held and centered within the Green Space area." (Dkt. 65-2 at 1 ¶ 9).

6. This statement, by indicating that Summerfest will be held "within" the Green Space area, can only be interpreted as meaning that Summerfest activities would not take place in other areas of Loogootee, including the Public Square area of Loogootee where Patoka Valley has previously held its Pride festivals and where it desires to hold PrideFest 2025.

7. This statement is false and the Mayor is well aware of that.

8. On June 1, 2025, less than two weeks after the Mayor's undated affidavit was submitted, the Mayor appeared on a podcast for radio station WRZR where he discussed the fact that rides for Summerfest would be set up in the "downtown square," *i.e.,* the Public Square area, and the streets would be blocked with concrete barricades to prevent vehicular traffic. (*See* Second Declaration of Jess-Beeler Babb attached as Exhibit 1 to this motion).

9. And as attested to by Tracy Brown-Salsman in a recently filed declaration, with supporting photographs, much of Summerfest, which was held from June 19 to June 21, 2025, took place outside of the Green Space, on streets closed to vehicular traffic, including in the precise area around the Public Square where Patoka Valley has asked to, once again, conduct the Pride festival. (Dkt. 70-1 at 1-2 ¶¶ 2-8 and Exhibits 1-8 to Dkt. 70-1).

10. When plaintiff's counsel learned of the Mayor's statements on the WRZR podcast that contradicted his affidavit, counsel sent a letter to Loogootee's attorneys indicating that it appeared that the Mayor's affidavit contains falsehoods and should be corrected.

11. No correction has been attempted to date by defendant.

12. This Court should strike the Mayor's false statement from his Affidavit.

13. Plaintiff acknowledges that Local Rule 56(i) provides that "[t]he court disfavors collateral motions—such as motions to strike—in the summary judgment process. Any dispute over the admissibility or effect of evidence must be raised through an objection within a party's brief."

14. However, inasmuch as Summerfest did not occur until after the briefing of the plaintiff's motion for partial summary judgment, it is appropriate for the Court to consider the Motion to Strike at this juncture.

15. In further support of this Motion, plaintiff submits its memorandum of law.

WHEREFORE, plaintiff requests that this Court strike paragraph 9 of Mayor Ader's Affidavit (Dkt. 65-2 at 1 ¶ 9), and for all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiff