UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| PATOKA VALLEY AIDS COMMUNITY ACTION GROUP, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:24-cv-00100-RLY-CSW ) |
| CITY OF LOOGOOTEE, INDIANA, | ) ) |
| Defendant. | ) |

**Verified Motion for Contempt**

Plaintiff, by its officer, Tracy Brown-Salsman, being duly sworn upon his oath, and by its counsel, files this Motion for Contempt against defendant. In support of this motion plaintiff says as follows.

1. On August 28, 2025, this Court entered its Order Granting Permanent Injunction (Dkt. 96), which permanently enjoined defendant "from enforcing Ordinance No. 2025-1 in its entirety."

2. On October 6, 2025, this Court entered its Final Judgment, which reiterated that "Defendant is **PERMANENTLY ENJOINED** from enforcing Ordinance 2025-1 in its entirety." (Dkt. 101) (emphasis by the Court).

3. Defendant did not appeal the Final Judgment and the time to do so has expired.

4. In its entry granting plaintiff's motion for partial summary judgment concerning, among other things, Ordinance No. 2025-1 (Dkt. 95), this Court concluded that the

[1]

ordinance failed the requirement that it be "narrowly tailored to serve a significant government interest," *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989), for three specific reasons:

    a.    Even if the Ordinance's terms were interpreted as applying under all circumstances to groups of fifteen or more, the Court still concluded that the 2025 Ordinance's application to groups as small as fifteen renders it constitutionally infirm. (Dkt. 95 at 14);

    b.    The Ordinance's requirement that "all applicants . . . apply for a permit forty-five days in advance of their proposed event. . . . is not reasonable." (*Id.* at 16). Therefore, "the court concludes that the 2025 Ordinance's advance notice requirement lacks narrow tailoring as well." (*Id.* at 17).

    c.    The Ordinance's limitation of special events to the City Park and the Green Space "burdens substantially more speech than necessary to further the [City's] interest in public safety and thus lacks narrow tailoring." (*Id.* at 18).

5.    The Court further found that

> [t]he 2025 Ordinance is unconstitutionally overbroad for the same reasons that it lacks narrow tailoring. The court finds that a substantial number of the 2025 Ordinance's applications are unconstitutional because it requires groups as small as fifteen to apply for permits, requires applicants to apply forty-five days in advance, and limits special events to only two locations in the City.

(*Id.* at 19).

6.    On December 29, 2025, defendant enacted a "new" ordinance to regulate "special

[2]

events" in Loogootee. The Ordinance, Ordinance No. 2025-14, is attached as Exhibit 1.

7.  The new Ordinance repeats, almost verbatim, the entirety of Ordinance No. 2025-1 which had amended, by interlineation, Ordinance No. 2024-04. (Dkt. 45-3, Dkt. 65-1). In its entry granting plaintiff's motion for partial summary judgment, this Court also concluded that "Patoka Valley is therefore entitled to summary judgment on its claim that the 2024 Ordinance violates the First Amendment." (Dkt. 95 at 11). However, no injunction was entered against the 2024 Ordinance as it had been superseded by Ordinance No. 2025-1.

8.  Despite this Court's permanent injunction, Ordinance No. 2025-14 defines a "Special Event" as a "temporary planned occurrence on public or private property which will have at least (15) people attending the event." (Ex. 1 at 2 [Sec. A(4)]). And Ordinance No. 2025-14 continues to require, in language unchanged from Ordinance No. 2024-04 that had been incorporated into the enjoined Ordinance No. 2025-1, that applications for special events "must be filed with the City Clerk, on forms provided, no less than 45 days prior to the proposed event." (Ex. 1 at 4 [Sec. F(1)(b)]).

9.  The "new" Ordinance is therefore "new" in name only and, in reality, Loogootee has simply reenacted provisions that this Court has explicitly enjoined as unconstitutional.

10.     The defendant is in contempt of this Court's Order Granting Permanent Injunction (Dkt. 96) and Final Judgment (Dkt. 101) as it has willfully failed to substantially comply with the orders contained in the Permanent Injunction and Final Judgment.

11.     In further support of this motion plaintiff separately submits its memorandum of law, which is incorporated by reference.

12.     Additionally, plaintiff has contemporaneously filed new litigation challenging the constitutionality of Ordinance No. 2025-14.

WHEREFORE, plaintiff requests that this Court:

a.      Find that the City of Loogootee is in contempt of this Court's prior orders as described above.

b.      Order the City of Loogootee to purge itself of contempt by revoking Ordinance 2025-14 and taking all other appropriate actions as ordered by the Court.

c.      Award plaintiff its costs and reasonable attorneys' fees.

d.      Award all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4015
kfalk@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiff

## Verification

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: 1-5-26

_Tracy Brown-Salsman_
Tracy Brown-Salsman